JIM'S DODGE COUNTRY, APPELLANT, V.
LEGRANDE EXCAVATING, INC., APPELLEE.
575 N.W. 2d 890

Filed March 24, 1998.   No. A-96-1173.

Joseph F. Gross, Jr., of Timmermier, Gross & Burns, for appellant.

Alan L. Plessman, of Plessman Law Offices, for appellee.

HANNON, MUES, and INBODY, Judges.

HANNON, Judge.

Jim's Dodge Country brought an action against LeGrande Excavating, Inc., to recover $4,000, which Jim's Dodge Country alleged it undercharged LeGrande Excavating as the result of a scrivener's mistake on the purchase of a Dodge truck. The trial court, finding that Jim's Dodge Country had failed to establish by clear and convincing evidence that it was entitled

to reformation of the purchase contract, dismissed Jim's Dodge Country's petition. Because we cannot say that the trial court's finding was clearly wrong, we now affirm.

## FACTUAL BACKGROUND

The undisputed facts are as follows: In September 1995, Norman LeGrande of LeGrande Excavating in Lincoln called Jim's Dodge Country in Omaha and talked with Jim Sheil, a salesperson, concerning the purchase of a new 1995 Dodge truck. After several telephone calls with Sheil, LeGrande sent Jim's Dodge Country a $1,000 check. Thereafter, on September 26, LeGrande traveled to Jim's Dodge Country, where he dealt with John Parise, a business manager in the finance department. LeGrande, on behalf of LeGrande Excavating, and Parise, on behalf of Jim's Dodge Country, entered into a purchase contract whereby LeGrande Excavating agreed to purchase the truck for $22,858. LeGrande gave Jim's Dodge Country a check in the amount of $21,858 ($22,858 purchase price less the earlier $1,000 payment). Jim's Dodge Country deposited the check and later sent LeGrande the title. On September 29, Jim's Dodge Country discovered that it had made a mathematical error and had undercharged LeGrande Excavating $4,000. When LeGrande refused to pay the $4,000, Jim's Dodge Country brought suit.

In its petition, Jim's Dodge Country alleged that the agreed-upon purchase price of the truck had been $26,858 but that, as a result of a scrivener's mistake, the purchase agreement had been erroneously drafted in the amount of $22,858. Jim's Dodge Country prayed that "the contract be reformed to reflect the purchase price of $26,858.00 and judgment for the Plaintiff in the amount of $4,000.00 together with costs and other relief as provided by law." LeGrande Excavating responded with a general denial.

At trial, Jim's Dodge Country maintained that LeGrande had agreed to a purchase price of $26,858 ($26,200 for the truck plus $400 for running boards and $258 for a bedliner). Sheil testified that LeGrande sent the $1,000 as a deposit. Sheil then prepared a purchase order which contained the following statement: "Customer will own for $26,600 with LEVERN Running Boards." LeGrande never signed the order.

Curtis Lallman, a manager of new car sales who initially computed the price on another part of the purchase order to be $26,600, later recomputed the price to reflect the inclusion of the $258 bedliner requested by LeGrande. Lallman crossed out the "26,600" figure and wrote in "22,858," rather than $26,858. This figure was then used by Parise in the drafting of the purchase contract. As evidence of its mistake, Jim's Dodge Country offered the truck's factory invoice, which reflected that the cost to Jim's Dodge Country was $25,580.92.

Terry Muths, general manager of Jim's Dodge Country, testified that after the discovery of the mistake, LeGrande agreed to pay $2,000 as a settlement. LeGrande generally denied that any agreement had been made prior to the signing of the contract and further denied that he had agreed to settle the dispute for $2,000. LeGrande's testimony is detailed below.

The court found that Jim's Dodge Country had failed to establish by clear and convincing evidence that it was entitled to reformation of the contract and, thus, dismissed its petition. Jim's Dodge Country then filed a motion for new trial, which the court subsequently denied. Jim's Dodge Country now appeals.

## ASSIGNMENTS OF ERROR

Jim's Dodge Country contends that the trial court erred in failing to determine that (1) Jim's Dodge Country was entitled to reformation of the contract by clear and convincing evidence, (2) the contract reflected a mutual mistake of fact, and (3) there had been a meeting of the minds regarding the true terms of the contract.

## STANDARD OF REVIEW

Both parties assert that this is an equitable action which should be reviewed de novo on appeal. We believe that this is an action at law for the collection of money and not an equity action. This court is therefore in the same position as the Supreme Court was in *Records v. Christensen*, 246 Neb. 912, 915, 524 N.W.2d 757, 760 (1994), where the court stated: "Although the parties argue that this case is an equitable action, it really is an action at law because [the plaintiff] seeks money damages . . . ." In a similar manner, although Jim's Dodge

Country seeks to reform its contract with LeGrande Excavating, the relief it requests is the recovery of money. A suit where only a money judgment is sought is an action at law. *Daubman v. CBS Real Estate Co.*, 6 Neb. App. 390, 573 N.W.2d 802 (1998). While we have recently reviewed the Nebraska authority on this subject, the parties' statements at oral argument, along with their supplemental briefs, lead us to conclude that a further explanation may be in order.

It is well recognized that a suit in equity will not lie when the plaintiff has a plain and adequate remedy at law and, further, that in order to recover on an equitable theory, the plaintiff must prove that it has no adequate remedy at law. *Southwest Trinity Constr. v. St. Paul Fire & Marine*, 243 Neb. 55, 497 N.W.2d 366 (1993). While we can find no Nebraska case which states the obvious, we note that it has been stated:

> Where compensation in money will afford complete and efficient relief, as where a money judgment is the ultimate, or the only, relief sought, the remedy at law is usually adequate for that purpose, and a party will be relegated thereto if the legal remedy is unimpeded and there are no other equitable circumstances to support the jurisdiction.

30A C.J.S. *Equity* § 26 at 192 (1992).

In the case at hand, Jim's Dodge Country did not allege in its petition that it had no adequate remedy at law, and the facts in the petition, if true, would entitle it to only a money judgment. Jim's Dodge Country argues this is an equitable action because it seeks reformation of the contract. It does pray for reformation, but assuming the trial court found it was entitled to reformation on the basis of mistake, the ultimate relief would still only be a money judgment. Jim's Dodge Country also relies upon *York Equip., Inc. v. Ashwill*, 2 Neb. App. 374, 510 N.W.2d 79 (1993), where we reviewed a reformation case as one in equity. *York Equip., Inc.*, is distinguishable because when that action was filed, not all of the installment payments were due and owing and consequently a money judgment would not have been an adequate remedy. We conclude that the case before us is an action at law, and we will review it as such.

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set

aside on appeal unless they are clearly wrong. *Hilliard v. Robertson,* 253 Neb. 232, 570 N.W.2d 180 (1997). In reviewing a judgment awarded in a bench trial, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

## ANALYSIS

A court may reform an agreement when there has been either a mutual mistake or a unilateral mistake caused by fraud or inequitable conduct on the part of the party against whom reformation is sought. *Walker v. Walker Enter.,* 248 Neb. 120, 532 N.W.2d 324 (1995); *Records v. Christensen,* 246 Neb. 912, 524 N.W.2d 757 (1994). To overcome the presumption that an agreement correctly expresses the parties' intent and to obtain reformation, the party seeking reformation must offer clear, convincing, and satisfactory evidence. *Walker v. Walker Enter., supra*; *Records v. Christensen, supra.*

A mutual mistake is a belief shared by the parties which is not in accord with the facts. *Records v. Christensen, supra*; *York Equip., Inc. v. Ashwill, supra.* A mutual mistake is one common to both parties in reference to the instrument to be reformed, both parties laboring under the same misconception about their instrument. *Id.* A mutual mistake exists where there has been a meeting of the minds of the parties and an agreement actually entered into, but the agreement in its written form does not express what was really intended by the parties. *Id.*

If incorrect language or wording is inserted by mistake, including a scrivener's mistake, into an instrument intended to reflect the agreement of the parties, such mistake is mutual and contrary to the real intention and agreement of the parties. *Omaha Door Co. v. Mexican Food Manuf. of Omaha,* 232 Neb. 153, 439 N.W.2d 776 (1989); *York Equip., Inc. v. Ashwill, supra.*

We now view the evidence in the light most favorable to LeGrande. See *Hilliard v. Robertson, supra.* LeGrande testified that although Sheil told him that he could buy the truck for $26,200, he never agreed to that price. LeGrande testified that he and Jim's Dodge Country had not come to an understanding

as to the final amount of the truck. LeGrande further testified that he sent the $1,000 deposit "to hold the vehicle . . . while we were negotiating . . . ."

According to LeGrande, he and his wife drove to Jim's Dodge Country on September 26, 1995, prepared to pay for the truck. He brought only one company check with which to pay. LeGrande did not meet with Sheil, but, instead, with Parise. Parise presented him with three documents: (1) a purchase contract, (2) a "Security 1st Vehicle Theft Program Registration Application," and (3) a "Nebraska Sales/Use Tax and Tire Fee Statement." All three documents listed a purchase price of $22,858. Parise explained each document to LeGrande and had him sign each one. LeGrande asked Parise if the amount was correct because LeGrande had only one check and did not want to drive back to Lincoln for another check. Parise replied affirmatively. LeGrande testified that he asked Parise more than once if the price was correct and that Parise looked at the documents and indicated that it was. LeGrande signed the documents, wrote a check for $21,858 (the difference between the purchase price and the $1,000 deposit), and drove back to Lincoln with the truck. LeGrande did testify that once informed of the error, he told Muths that he would consider settling for an additional $2,000. However, LeGrande never agreed to do so.

The evidence establishes that Jim's Dodge Country made a mathematical error on the purchase order which led to its mistake on the purchase contract. However, LeGrande's testimony that the parties had not come to an agreement concerning the price of the truck prior to the signing of the contract, coupled with his testimony that Parise repeatedly assured him of the accuracy of the purchase price, is evidence that no mistake was made on the part of LeGrande.

Even when viewed most favorably to Jim's Dodge Country, the evidence does not establish that LeGrande was mistaken, but, rather, it establishes that he realized the mistake on the part of Jim's Dodge Country and took advantage of it. The rule stated above, that a court may reform an agreement when there has been a unilateral mistake caused by fraud or inequitable conduct, is not as limited as that short, concise statement might imply. See Restatement (Second) of Contracts § 153 (1981) and

related sections on mistake. However, we have not analyzed the evidence under the unilateral mistake theory because facts supporting recovery under that theory were not pled and because the case was argued in this court as one of mutual mistake.

Having viewed the evidence in the light most favorable to LeGrande Excavating, we cannot say that the trial court was clearly wrong in finding that Jim's Dodge Country failed to establish by clear and convincing evidence that it was entitled to reformation. The judgment of the trial court is therefore affirmed.

AFFIRMED.